Broadacre Dairies, Inc. *v.* Evans.

(*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

GRIMM, TAPP & CARSON, of Knoxville, for appellant.

ROY H. BEELER, Attorney General, ALLISON B. HUM-PHREYS, JR., Assistant Attorney General, and MILTON P. RICE, Assistant Attorney General, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question presented by this appeal is whether a lessee residing in this State of tangible personal property from an out of the State lessor, which property was leased and delivered into Tennessee prior to the effective date of the Sales Tax Act, is liable for the tax under said Act based on monthly rental paid after the effective date of the Act.

The appellant is a dairy establishment operating in Knox County, Tennessee. It sells its products to customers in paper cartons, which mode of doing business requires the use of special machinery to fill and seal said cartons. The appellant rented machinery for the purpose of putting its milk and products in these paper cartons under a lease agreement which was dated April 20, 1946. The machinery for this purpose was purchased in the State of Michigan and delivered to the appellant in Knoxville on December 20, 1946. The lease agreement provided, among other things, that the appellant was to pay base rental of $900 at the time of the execution of the lease agreement and forty-five consecutive monthly installments of $200 each, said monthly installments were to commence thirty days after the installation of the machinery. The agreement further required that the appellant pay additional rentals designated as "production rentals" based upon the quantity of containers formed on the machine and sold, less any returned containers, and that these "production rentals" were to be paid monthly at a minimum rate of $300 per month.

Our Retail Sales Tax Act was passed in January, 1947, with its effective date as of June 1, 1947, is Chapter 3

of the Public Acts of 1947, and is carried in the Code under Section 1328.22 et seq.

The appellant from and after June 1, 1947, paid to its out of the State lessor various sums ranging from $500 upward depending of course upon its output and sales. The appellant apparently took the position that this was an out of the State purchase and since it had been purchased and the contract entered into prior to the effective date of the Act it did not owe the tax and consequently made no return thereon. Early in November, 1950, the agents of the State audited the books and as a result thereof the appellant paid to the State, under protest, $557.11 and the instant suit was filed by the appellant to recover this amount.

The appellee demurred to the bill and the Chancellor sustained the demurrer and it is from this that the present appeal comes.

Our Sales Tax is a privilege tax, based upon the privilege of selling at retail, leasing, renting, distributing, storing, using or consuming tangible personal property in Tennessee. Code, Section 1328.24; *Crescent Amusement Co.* v. *Carson*, 187 Tenn. 112, 213 S. W. (2d) 27.

The appellant takes the position that this tax collected is a "use tax" which has been illegally assessed and collected from it because of the following provision from Section 4 of the Act, Code, Section 1328.25, which provides among other things, that: "The 'use tax' shall not apply to tangible personal property owned or acquired in this state, or imported into this state, or held or stored in this state prior to the effective date of this act."

We define the term "use tax" as "a tax upon the privilege of using, consuming, distributing or storing tangible personal property after it is brought into this

State from without this State". *Madison Suburban Utility District of Davidson County* v. *Carson*, 191 Tenn. 300, 306, 232 S. W. (2d) 277, 280. "Use taxes are usually levied upon the use, storage, or consumption of tangible personal property purchased outside the taxing State but subsequently employed therein." 47 Am. Jur., 249, Section 42.

The Use Tax is a tax on the enjoyment of that which was purchased after a sale has spent its interstate character. *McLeod* v. *J. E. Dilworth Co.*, 322 U. S. 327, 64 S. Ct. 1023, 88 L. Ed. 1304. It is a compensating tax to place Tennessee manufacturers and merchants on a parity with non-residents doing business in the State. It prevents undue discrimination against local retailers. Its chief function is to prevent the evasion of the Tennessee Sales Tax by persons purchasing tangible personal property outside of Tennessee for "storage, use, or consumption" within the State. It thus prevents unfair competition on the part of out of State merchants. Thus when we take the use tax portion of the Act as complementary to the Sales Tax when taken and applied together they provide a uniform tax upon either the sale or the use of all tangible personal property irrespective of where it may be purchased. These two taxes are complementary and functional parts of one system of taxation.

See *Nelson* v. *Sears, Roebuck & Co.*, 312 U. S. 359, 61 S. Ct. 586, 85 L. Ed. 888, 132 A. L. R. 475; *Henneford* v. *Silas Mason Co.*, 300 U. S. 577, 57 S. Ct. 524, 81 L. Ed. 814.

Sales tax is collectible from all persons defined in the Act as "dealers". Code, Section 1328.24(e). One of the statutory definitions given of a dealer is found in the following Code, Section 1328.25 as follows: "The term 'dealer' is further defined to mean any person, as used

in this act, who is the lessee or rentee of tangible personal property, as defined in this act and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto." It is further observed that a tax at the rate of 2% is fixed by the Act on the monthly lease or rental price paid or contracted to be paid by the lessee or rentee of tangible personal property. Code, Section 1328.24(d).

It is thus seen by these provisions that the Sales Tax is levied among other things against a lessee or rentee in this State at the rate of 2% on what they pay for the property leased or rented. Thus as a result of leasing the property the lessee is liable for the tax imposed by the Act. *Crescent Amusement Co. v. Carson,* supra.

In the instant case the lease of the property was entered into and the property brought into this State prior to the effective date of the Act but since that time and on up to the time that this record was made up the appellant has been leasing and renting this machinery. It has during this time paid to its lessor varying amounts each and every month. The taxes here sought to be collected are only such taxes as the appellee has fixed since the effective date of the Act, June 1, 1947. No assessment was made on the rental or otherwise prior to that date.

By examining the lease it is found that it is not determinable upon a date certain, but was subject to revocation upon the noncompliance with the lessee's covenants; and it was terminable at appellant's option upon the giving of a 30-day notice. The consideration is payable monthly which to our minds clearly makes it reasonable to infer that each payment by the appellant represents current consideration. This inference and finding on our part is further supported by the fact that these monthly payments are not definitely fixed but are

determined by the amount of goods that the appellant manufactures with this rented machine, and sells.

■ It seems to us that when the legislature enacted Section 3(d) of the Act, Code, Section 1328.24(d), and provided that the lessee or rentee should pay 2% monthly on the lease or rental price that certainly when such provision is made that this tax then became operative at the effective date of the Act, June 1, 1947 and that any lessee in the State at that time was subject to the tax on the rent paid on property of the kind here involved after the effective date of the Act. We find nothing in the Act, after a very careful examination, that there is any exemption or elimination or relief from the payment of tax to those who have entered into the contract prior to the effective date of the Act whether the lessor be a resident or a non-resident of this State. The Supreme Court of California in *National Ice & Cold Storage Co. of California* v. *Pacific Fruit Express Co.,* 11 Cal. (2d) 283, 79 P. (2d) 380, 386, held, in considering a contract made seven years prior to the date of the California Retail Sales Act, that ice sold under such a contract was subject to the tax and that the placing of the tax by the legislature seven years after the contract was made for the sale at a certain price did not impair the obligation of the contract. That court said: "the principle of law is well established that the existence of an executory contract between or among two or more individuals presents no obstacle to the right or power of the state to levy or to impose a tax which may adversely affect the financial interests of either or any of the parties which may have been acquired under or by reason of the mutual covenants of such parties to the contract."

The original purchase and payment made originally probably does bring this transaction at that time within

the Use Tax definition but the privilege here taxed is not the purchase but is the privilege exercised by the appellant in leasing or renting as a lessee and is not within the coverage of the term "Use Tax". For this reason the provision relied upon by the appellant excluding purchases and the use tax made prior to the effective date of the Act is not applicable. It is quite clear to us that the legislature intended to make a uniform and fair provision of this Act to all those leasing property within the State and there was no intention to exclude those even though the agreement to lease was made prior to the effective date of the Act. It seems to us that this lease is nothing more than a month to month proposition. The consideration being on what is done each month and not on something that was done prior to the effective date of the Act. It is immaterial under the Act when the property leased or rented entered the State or when the initial agreement was executed. It is what happens after the effective date of the Act.

It will be remembered that one of if not the strongest argument advanced in favor of the Sales Tax was its universal application to all property thereafter acquired or consumed. Presumptively all sales in Tennessee are taxed. Obviously the legislature thought that various devices would try to be effected to escape the tax and it was for this reason that they provided of course that all rental transactions be taxed and further to prevent an escape of the tax as heretofore said the Use Tax feature is placed to discourage out of state purchasing. When we carefully read and analyze the Act it is perfectly apparent to us that the application of the Use Tax is co-extensive with and complementary to the Sales Tax so that none may evade. The whole purpose being to try to make the tax applicable to all,

We have read the excellent briefs and cases therein cited and many, many more with a great deal of interest and after doing so are convinced that the appellant has exercised a taxable privilege in renting from its lessor tangible personal property and that for such a privilege owes a tax of 2% on the monthly lease or rental proceeds paid to its lessor for each month since the effective date of the Act. The result is that the decree below must be affirmed with costs.