# HANSORD AGENCY, INC. v. COMMISSIONER OF TAXATION.

199 N. W. 2d 823.

July 28, 1972—No. 43157.

*Haverstock, Gray, Plant, Mooty & Anderson, John W. Mooty, Kenneth M. Anderson,* and *Loring W. Knoblauch,* for relator.

*Warren Spannaus,* Attorney General, and *Louis Plutzer,* Special Assistant Attorney General, for respondent.

*Briggs & Morgan, John M. Sullivan,* and *Bruce C. Eckholm,* for St. Paul Ammonia Products, Inc., amicus curiae.

OTIS, JUSTICE.

The question raised by relator is whether rental paid after the effective date of the Tax Reform and Relief Act of 1967, Ex. Sess. L. 1967, c. 32, on leases entered prior to that date, is taxable under Minn. St. 1969, §§ 297A.01, subd. 3 (a), and 297A.02. The Tax Court held such rental to be taxable, and we reverse.

The facts are undisputed. Before August 1, 1967, relator, Hansord Agency, Inc., the taxpayer, executed 310 long-term motor vehicle leases. The rental was payable in monthly installments. The leases recited the full consideration of the aggregate

monthly payments as the amount due lessor from lessee, without qualification. Neither the lessor nor the lessee was entitled to cancel the lease until it expired by its terms.

The commissioner of taxation assessed a sales tax of $6,915.96 on all installments due from August 1, 1967, to December 31, 1967. The Tax Court affirmed the commissioner's assessment.

The applicable statutes are as follows:

Minn. St. 1969, § 297A.01, subd. 3. "A 'sale' and a 'purchase' includes, but is not limited to, each of the following transactions:

"(a) Any transfer of title or possession, or both, of tangible personal property, whether absolutely or conditionally, and the leasing of or the granting of a license to use or consume tangible personal property, for a consideration in money or by exchange or barter."

Section 297A.02. "There is hereby imposed an excise tax of three percent of the gross receipts of any person from sales at retail, as hereinbefore defined, made in this state after July 31, 1967. In no case shall the tax imposed hereby upon the seller exceed the amount of tax which he is authorized and required by law to collect from the purchaser."

The Tax Court reasoned that if the taxpayer's position was sound, the entire sales tax would be payable at the time any lease agreement was executed subsequent to the effective date of the act, rather than payable as each installment thereafter became due. We cannot accept that conclusion. The fact remains that the rights of the lessor and lessee were irrevocably fixed at the time the lease was entered. The lessee had an unconditional obligation to pay the entire amount of the rental, and the time when the payments were due we regard as irrelevant in the absence of any expression to the contrary by the legislature. The tax is on sales made after July 31, 1967, and a sale is defined as including, among other things, the leasing of tangible personal property. To adopt the Tax Court's argument would require us to hold that a new lease is entered each time an installment is paid, which

is not the situation where there is a written contract for a specific term not revocable by either party. The commissioner argues that "the leases in question are a series of recurring sales" and that "[t]he execution of a lease does not convey a present interest in the property for the full term of such lease." No authority for that proposition was cited, and we are aware of none.

Two cases are relied on by the commissioner. Broadacre Dairies, Inc. v. Evans, 193 Tenn. 441, 246 S. W. 2d 78 (1952); and Gandy v. State, 57 Wash. 2d 690, 359 P. 2d 302 (1961). From a reading of Broadacre, it appears that the lease was terminable at the lessee's option upon the giving of a 30-day notice. Nor were the monthly payments definitely fixed at the time the lease was executed, but rather, they were determined in part by the lessee's volume of production. The court concluded that each payment represented current consideration. To this extent Broadacre is distinguishable from the case before us.

The Washington court in Gandy held the lease to be not a single transaction but a contract for a series of transactions. Three judges dissented. They were of the view that the legislature evidenced no intent that the payment of rentals be considered a taxable event, a conclusion to which we subscribe.

The order of the Tax Court is accordingly reversed.

Reversed.

MR. JUSTICE MURPHY and MR. JUSTICE TODD took no part in the consideration or decision of this case.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of argument and submission, took no part in the consideration or decision of this case.