HONEYWELL INFORMATION SYS-
TEMS, INC., Plaintiff-Appellee,

v.

John K. KING, Commissioner of
Revenue, State of Tennessee,
Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Oct. 25, 1982.

Joe C. Peel, Asst. Atty. Gen., Nashville (William M. Leech, Jr., Atty. Gen., Nashville, of counsel), for defendant-appellant.

Robert L. Crossley, Knoxville, for plaintiff-appellee.

## OPINION

HARBISON, Justice.

This case presents two issues under the local option sales tax, T.C.A. §§ 67–3049 to −3056. The first question is factual: whether rent on each component of a computer system leased to others by the taxpayer is subject to the local sales tax or whether the tax should be applied to the entire system. The second question is one of law: whether monthly rental payments on leased computer systems are each taxable up to the limits of the local option tax provisions (five dollars or seven dollars and fifty cents, as the case may be), or whether this limit applies to the entire term of each lease.

The Chancellor held that under the taxpayer's method of leasing and invoicing, rent on each of the components was subject to the local tax. He held, however, that the maximum tax was to be collected only once for the entire term of each lease, and not on each monthly installment of rent. We are of the opinion that the Chancellor's decision was correct on both issues, and his judgment is affirmed.

As stated, the first question is one of fact only. It is the insistence of the taxpayer that each computer system which it leases to its customers is a single entity, or unitary system, and that the local option tax is applicable only to the entire system. By its terms, no local tax can exceed seven dollars, fifty cents on the sale or use of any single article of personal property (or five dollars under certain circumstances). T.C.A. § 67–3050.

The taxpayer's own method of marketing, invoicing and record-keeping clearly demonstrates that it did not lease the component units of its computer systems as one single entity. It invoiced its customer for each of the components, each bearing its own serial number, and a specific monthly rental being charged for each component. Since the taxpayer did not treat these components as "a single article of personal property" for purposes of its own leasing, invoicing and collections, in our opinion the Commissioner was likewise justified in treating them separately.

█ It may be that at some other time, or during some other audit period, this taxpayer, or other computer purveyors, may lease or sell computer systems as single entities. This taxpayer did not do so. As the state of the technology changes and progresses, it may be that smaller and more compact equipment may be marketed as a single machine or item of property. This was not the case, however, during the period of the audit involved here, 1976–78. The evidence supports the finding of the Chancellor that the separate components should be treated as separate pieces of leased property for purposes of the local sales tax.

The other question involves the interpretation of the statute. T.C.A. § 67–3050 permits local governmental units to levy

"... a tax on the same privileges subject to the 'Retailers' Sales Tax Act' under this chapter as the same may be amended, which are exercised within such county, city or town, to be levied and collected

in the same manner and on all such privileges ...."

as the state tax authorized in other sections, provided that the rates levied by the local government may not exceed a specified percentage of the rates for the state tax. The statute, however, contains the following limitation:

"... provided that the tax so levied shall not exceed five dollars ($5.00) on the sale or use of any single article of personal property whenever the rate of the tax does not exceed one percent (1%) of the rates levied therein, nor more than seven and one half dollars ($7.50) whenever the rate of the tax exceeds one percent (1%) of the rates levied therein ...." [1]

The taxpayer in this case leased large quantities of computer equipment to customers in Tennessee. The leases were for definite terms, usually three years or five years, with specified monthly rentals being charged for each item of equipment so rented.

For purposes of the state sales tax, the method of taxing rental payments is specified at T.C.A. § 67–3003(c) and (d). Neither of these provisions, however, has any limitation such as that contained in the local sales tax act, T.C.A. § 67–3050, quoted above. Under T.C.A. § 67–3003(d), the state tax is levied:

"(d) At the rate of three percent (3%) of the monthly lease or rental price paid by lessee or renter, or contracted or agreed to be paid by lessee or renter, to the owner of the tangible personal property. Except that the rate of tax provided for in this paragraph shall be four and one-half percent (4½%) until June 30, 1983, at which time it shall be three percent (3%)."

The Commissioner recognizes that upon the sale of a single item of personal property, the local sales tax may be collected only once and only up to the maximum specified in the statute. If one purchased an auto-

---

1. The statute contains other limitations on the powers of local governments to levy sales tax-

es, but these are not pertinent here.

mobile or data processing equipment for a lump sum, there could be collected for the local government only a single tax of seven dollars and fifty cents or five dollars, as the case might be. It is his insistence, however, that if there is a lease of equipment, this statutory limit applies to each monthly installment of rent, and not to the lease as a whole.

The Chancellor concluded otherwise, and we are of the opinion that he was correct. The language of the statute is rather specific that the tax shall not exceed the specified dollar limitation "on the sale or use of any single article of personal property." It seems to us that this limitation applies whether the property is purchased or leased. Admittedly the local government is permitted to levy a tax upon the same privileges "and in the same manner" as is the State, but the amount which it may collect is specifically restricted and limited. Like the Chancellor, we do not believe that the legislature intended to permit a local government to collect a very limited amount of tax where there is a sale but many times that amount by applying the limit to periodic monthly installments of rent. Whether it could theoretically so distinguish between sales and rentals or not, we do not believe that it intended any such distinction in the enactment of the local sales tax act.

It is the insistence of the Commissioner that the privilege being taxed by the local governments is the use of the leased equipment from month to month. His principal reliance is on the case of *Broadacre Dairies v. Evans,* 193 Tenn. 441, 246 S.W.2d 78 (1952). We do not find that case supportive of his contention in the present action. It dealt only with the state tax, and not with the local tax, which had not then been authorized. Further, the leases in that case were not for fixed terms, but were for indefinite periods, terminable upon short notice. It was under those circumstances that this Court stated:

"The consideration is payable monthly which to our minds clearly makes it reasonable to infer that each payment by the appellant represents current consideration. This inference and finding on our part is further supported by the fact that these monthly payments are not definitely fixed but are determined by the amount of goods that the appellant manufactures with this rented machine, and sells." 193 Tenn. at 446–47, 246 S.W.2d at 80.

Both the factual situation and the legal problems being considered in the *Broadacre* case, *supra,* were different from those presented here. We are of the opinion that nothing in T.C.A. § 67–3003(c) or (d), providing for the collection of the state sales tax on leased or rented property, is in any way contrary to the conclusion reached by the Chancellor in this case. While both of those provisions under certain circumstances may properly be applicable to the local sales tax under consideration here, nevertheless in the context of that tax they must be read together with the specific limitation contained in T.C.A. § 67–3050. Accordingly, we agree with the Chancellor that the local tax should be collected only once over the term of each lease.

The judgment of the Chancellor is affirmed in all respects, and the cause is remanded to the Chancery Court for any further orders or proceedings which may be necessary. Costs incident to this appeal will be taxed equally to the parties. All other costs will be fixed by the Chancellor.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.