**EXECUTONE OF MEMPHIS, INC., Plaintiff-Appellee,**

v.

**Riley C. GARNER, as Trustee of Shelby County, Tennessee, and Martha B. Olsen, Commissioner of Revenue, State of Tennessee, Defendants-Appellants.**

Supreme Court of Tennessee, at Jackson.

May 16, 1983.

Raymon Sauer, Memphis, for plaintiff-appellee.

Warner Hodges, III, Germantown, J. Robert Walker, Asst. Atty. Gen., Nashville, for defendants-appellants.

OPINION

DROWOTA, Justice.

The Defendants, the Trustee of Shelby County and the Commissioner of Revenue for the State of Tennessee, appeal from a summary judgment in favor of the Plaintiff, Executone of Memphis, Inc. The trial court found, after reviewing the documents supporting the parties' cross-motions for summary judgment, which documents set forth undisputed allegations, that the tele-

phone systems sold by the Plaintiff were single articles of personal property for purposes of Shelby County's one and one-half percent (1½%) sales tax. Shelby County enacted the local option sales tax pursuant to T.C.A. §§ 67–3049—3056. Section 67–3050 provides "... the tax so levied [by the local governments] shall not exceed five dollars ($5.00) on the sale or use of any single article of personal property whenever the rate of the tax does not exceed one percent (1%) of the rates levied therein, nor more than seven and one-half dollars ($7.50) whenever the rate of the tax exceeds one percent (1%) of the rates levied therein ..."

In August of 1980, Vernon Jones, an auditor employed by the Sales Tax Division of the Tennessee Revenue Department, conducted an audit of the Plaintiff covering the period August 1, 1977, to July 31, 1980. Jones examined numerous business records of Executone, including sales journals, miscellaneous equipment and supplies accounts, exemption certificate files, and sales invoices, for the audit period. The audit resulted in a tax deficiency assessment by the Department of Revenue against Executone in the total amount of $6,646.54, plus penalty and interest. Of this total assessment, $6,453.18 relates to Executone's failure to charge the full local option sales tax due on certain transactions involving the installation of telephone systems.[1] Executone collected the local tax on the sale price of individual parts of the systems installed for some of its customers, but only $7.50 per system (the maximum per-article tax) from other customers. The local tax deficiency was assessed against these latter accounts. The remaining $193.36 relates to Executone's failure to collect state tax on some taxable transactions. In computing the amount of the local option sales tax deficiency, the auditor used the selling price charged for the individual articles composing the telephone systems installed by Ex-

ecutone, as reported in the records of Executone. For articles priced at more than $500 each, only $7.50 local tax was assessed per item.

The Plaintiff paid the assessment under protest pursuant to T.C.A. § 67–2303, and brought suit for recovery of the amount paid plus interest. In its complaint Executone alleged the additional tax was improperly assessed because the systems sold were single articles and that no part of the systems was useful without the other parts. The trustee denied the systems were single articles and alleged no knowledge regarding the usefulness of the parts of the systems. The Plaintiff moved for summary judgment, filing the supporting affidavit of Gary Snover, the president of Executone. Snover stated his familiarity with the books and records and methods of operation of the Plaintiff corporation. He stated further that no portion of the systems sold can be used without the other parts, and that, therefore, only a complete system is capable of being sold as an independent unit.

Before the court ruled on the summary judgment motion, Martha B. Olsen, Commissioner of Revenue, moved the court to allow her to intervene. The parties agreed to the commissioner's intervention and the court allowed it. She filed an answer denying the systems were single articles of personal property. Olsen moved for summary judgment, stating there were no genuine issues as to any material facts and relying upon the affidavit of Vernon Jones, the deposition of Gary Snover and a brief in support of her motion. The trustee then moved for summary judgment. The trial judge granted summary judgment for the Plaintiff, finding the Plaintiff's telephone systems were single articles of personal property. The court awarded the Plaintiff $6,453.18 plus interest at the rate of 10% per annum, from March 21, 1981, until paid. As $193.36 of the deficiency assessment was unrelated to the local tax deficiency, to

1. Shelby County designated the Tennessee Department of Revenue to collect its local tax concurrently with the collection of state tax, pursuant to T.C.A. § 67–3054.

arrive at the judgment, that amount was deducted from the assessment paid in protest.

Our threshold inquiry must be whether there is any dispute over material facts, since such a dispute would render summary judgment improper for any party. In the trial court, the parties' assertions that there were no factual issues were founded, primarily, on the lack of conflict in the documents supporting their summary judgment motions. These documents describe the telephone systems, going into some detail about the make-up of the systems and how they function. The entire lawsuit rested on the trial court's determination of the systems' status for tax purposes, and all the evidence was directed toward this end. As to that evidence, even now, there is no genuine dispute.[2] On this appeal, however, the commissioner and the trustee argue that the primary issue before the trial court, i.e., whether the systems were single articles or not, was one of fact; and since the parties were not in agreement, summary judgment was improper.

The commissioner and the trustee cite *Honeywell Inf. Sys. v. John King,* 640 S.W.2d 553 (Tenn.1982), as authority for their position. The chancellor in that case found that each component of a computer system was taxable. On review, we held the chancellor's finding was one of fact. But when a trial court is called upon to make a finding of fact based on uncontroverted evidence, its conclusion is one of law, and the appellate courts will review that finding as a question of law. *Billington v. Crowder,* 553 S.W.2d 590, 595 (Tenn.App. 1977); *Continental Ins. Co. v. Cooper,* 58 Tenn.App. 316, 430 S.W.2d 661 (1968). In *Honeywell,* the evidence was not uncontroverted. The case was tried before the chancellor and our review of the chancellor's

findings of fact was accompanied by a presumption of correctness. Rule 13(d) T.R. A.P. In the present case, the trial court drew a conclusion from uncontroverted evidence; thus, we are not bound by that conclusion. Further, since the evidence on this primary issue was undisputed, and since this issue was dispositive of the lawsuit, the motions for summary judgment were well taken. Hence, the Defendants' argument that the trial court could not properly grant summary judgment because the parties disputed the primary issue is patently circular.

We think, however, the trial judge erred in his conclusion that the systems were single articles of personal property. The Plaintiff describes the system as follows:

Basically, even though there may be wires and accessories to it, there are basically three parts. There's the plug into South Central Bell's unit. There is a switching system that switches the calls between the various telephones; and there are the telephones themselves, not one of which could act independently of the other. You could have the signal coming in from an outside telephone, but if you didn't have a telephone to answer, it wouldn't do any good. You could have all the telephones in the world, but if you didn't have the interconnect to Bell, it wouldn't do any good. And, if you didn't have the switching system to switch them around, none of it would be any good.

The systems are composed of three parts: a plug, a switching system, telephone units. The essence of the Plaintiff's position is that no single part of the systems it sells is sufficient of itself. The logical extension of the Plaintiff's argument is that internal sufficiency is necessary to find a single article for purposes of § 67–3050. And yet,

**2.** In the commissioner's brief, she argues, "in the alternative," there is some evidence which is disputed by the parties. There appears to be some discrepancy between an invoice attached to Mr. Snover's affidavit and Mr. Snover's deposition. The invoice lists separately the different parts of a system, and prices are given for each part. In his deposition, Snover testified this invoice may or may not have been given to the customer. He added that generally an itemized list of component parts is not given to the customer. We do not see that there is a genuine issue here. The Plaintiff put the invoice before the court, and it must be seen for what it is, an itemized parts list. Snover, in his deposition, does not deny such internal documents were kept.

there is no reason the statutory language "single article of personal property" should be interpreted so narrowly. In fact, the commissioner's regulations would appear to suggest a broader interpretation. Local Sales and Use Tax Rule No. 1320–5–2.06 [Rule 6] provides in relevant part,

> (2) A single article of personal property shall mean that which is regarded by common understanding as a separate unit exclusive of any accessories, extra parts, etc., and is capable of being sold as an independent unit or as a common unit of measure, a regular billing, or other obligation. Such independent units sold in sets, lots, suits, etc., at a single price shall not be considered a single article. Parts or accessories for automobiles, tractors, and other similar items that are installed at the factory and delivered with the unit as original equipment shall be treated as a part of the unit.

The regulation speaks of separate units *commonly understood* as separate units and capable of being sold as independent units. The regulation says nothing about the need for an article to be internally sufficient. And we are of the opinion such a focus is, of itself, too narrow in determining what is and is not a "single article of personal property." This apparently was the trial court's focus.

The better approach in deciding whether a sale is of a single article or not is to look to the regulation. The commissioner is empowered with the authority to make rules and regulations for the enforcement of the tax laws pursuant to T.C.A. § 67–3045. The courts' duty is to determine whether the regulations are "inconsistent with [the statutes] or the Constitution of this state or the United States." We find no inconsistency between the relevant tax sections and Rule 6, and the Plaintiff does not assert inconsistencies or constitutional infirmities. Indeed, we think the rule is in keeping with the general intent of the legislature. In applying the considerations set out in Rule 6 to the present case, it requires no distortion to conclude that the plugs, the switching systems, and the telephone units, as they are described here, are "commonly understood" to be separate units. The Plain-

tiff admits that these articles have unit prices, that they can be put together to meet various office needs, and that if the occasion arose they could be sold separately to one who needs a system alteration. To conclude that only the system itself constitutes a single unit completely ignores the separate physical character of each component part, both in the design of the system and in the ultimate benefit to the customer.

Having found the trial court erred in granting summary judgment for the Plaintiff, we reverse and grant judgment for the Defendants. The cause is remanded to the trial court for entry of an order consistent with this opinion. The costs are taxed to the Plaintiff.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.