INFORMATICS, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 85AP-271—Decided October 24, 1985.)

*Jones, Day, Reavis & Pogue, Roger F. Day* and *Maryann B. Gall,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

NORRIS, J. Informatics, Inc. appeals from a decision of the Board of Tax Appeals, which affirmed an order of the Tax Commissioner finding Informatics

liable for use and sales taxes of $154,080.69, on the basis of rental payments made by Informatics pursuant to leases for computer equipment.

The computer equipment was the subject of leases executed by Management Horizons Data Systems ("MHDS") during 1973 and 1974. Under the version of R.C. 5739.01(B) then in effect, the leases were exempt from taxation; however, the General Assembly amended the tax laws on August 27, 1976 (see 136 Ohio Laws, Part II, 3794-3795) to eliminate the exemption. In May 1977, MHDS sold out to Informatics, which assumed the leases and continued to provide computerized data processing services to subscribing businesses.

The appeal is occasioned by the Tax Commissioner's having levied sales and use taxes upon rental payments made between June 1, 1977 and June 30, 1979. In essence, Informatics had contended that its tax obligations were fixed when the leases were executed and that, by applying the subsequent statutory amendment, the commissioner would violate Ohio's constitutional prohibition against retroactive legislation.

Informatics raises six assignments of error:

1. "The Commissioner's assessment, as affirmed by the Board, constituted a retroactive application of statutory law in violation of Section 28, Article II, of the Constitution of Ohio."

2. "The Board erred in affirming the Commissioner's contention that use tax attached at the time each periodic installment of rent was paid under lease agreements."

3. "The Board of Tax Appeals erred in affirming the use tax assessments on lease payments made subsequent to the statutory change because the lease contracts were executed and binding agreements prior to the change in the tax statute on August 27, 1976."

4. "The Commissioner's assessment, as affirmed by the Board, deprived Informatics of equal protection of law contrary to Section 2, Article I of the Constitution of Ohio and the Fourteenth Amendment to the Constitution of the United States. While *purchases* of computer equipment made prior to August 27, 1976, were considered tax exempt, subsequent payments on *leased* computers, acquired for an identical use, were subjected to tax."

5. "The Board's decision was against the weight of the evidence."

6. "By affirming the Commissioner's assessment, the Board has condoned a tax on lease payments for computer equipment used in interstate commerce in violation of Section 8, Article I of the Constitution of the United States and Section 5741.02(C)(3) of the Ohio Revised Code."

The first three assignments of error are interrelated, and will be considered together.

Because there are no cases precisely on point in Ohio, we may look to the opinions of courts from other jurisdictions for guidance and, having done so, conclude that a consensus has emerged among those jurisdictions which have ruled on the question raised by the assignments of error. The consensus rule appears to be that, where a lease was entered into prior to the effective date of the Act taxing leases, lease payments made after that date are nevertheless subject to tax unless the rights and obligations of the parties were irrevocably fixed at the time the lease was executed. See Annotation (1980), 2 A.L.R.4th 859. Accordingly, where the lease (1) provides a fixed term for the leasing of the personal property; (2) unconditionally obligates the lessee to pay the entire amount of a fixed rental; and (3) is not terminable at the option of either party, rental payments after the effective date of the taxing Act are said not to be subject to taxation. *United States Steel Corp.* v. *Commr. of*

*Taxation* (1975), 303 Minn. 143, 226 N.W. 2d 870; *Hansord Agency, Inc.* v. *Commr. of Taxation* (1972), 294 Minn. 198, 199 N.W. 2d 823; *Broadacre Dairies, Inc.* v. *Evans* (1952), 193 Tenn. 441, 246 S.W. 2d 78. See, also, *International Business Machines* v. *State Bd. of Equalization* (1980), 26 Cal. 3d 923, 609 P. 2d 1.

Because we are persuaded it is sound, we adopt the rule as stated above. Where the obligations of the parties are not fixed, and the rental agreement provides for a series of transactions which confer possession upon the lessee each time he pays rent, the taxation of rental payments made subsequent to the effective date of the taxing statute does not offend Section 28, Article II, Ohio Constitution, even though the lease be executed and initial possession of the personal property be taken prior to that date. However, where the obligations of the parties are fixed under a lease which satisfies the three criteria listed above, it is logical to treat that lease as being analogous to an installment sale, where possession is taken upon consummation of the sale, but the price is to be paid in the future, in installments. Under both arrangements, the rights of the parties are fixed at the outset, and both should be taxed up front. Taxing rental payments made under such a lease, executed prior to the effective date of the taxing statute, would violate the constitutional prohibition, since taxation would interfere with a transaction completed in the past. See *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199 [73 O.O.2d 502].

From our cursory examination of the leases listed in Informatics' brief, at pages seven and eight, it appears that the rental payments on the two leases executed on July 22 and August 12, 1974 would be taxable under the rule adopted above, since, by amendment, the lessee could terminate the leases at any time upon ninety days' notice. However, the other four leases would appear to satisfy all three criteria of the rule and, being unconditional, the rental payments made pursuant to these leases would not be taxable. We stress, however, that our examination of the leases was hampered by the poor quality of the copies found in the record and, because counsel could not be aware of the rule we would adopt, we do not have the benefit of their examination and argument concerning the nature of the leases. Upon remand, the Board of Tax Appeals, having afforded counsel the opportunity for argument, should re-examine the leases in light of the rule we announce, and modify or vacate entirely the assessments as indicated by the nature of the leases.

The first, second, and third assignments of error are sustained to the extent discussed above.

In view of our disposition of the first three assignments of error, the equal protection problem raised by Informatics would not exist under the rule adopted. Accordingly, the fourth assignment of error is overruled.

To the extent that the Board of Tax Appeals may have based its order upon a determination that the sale from MHDS to Informatics constituted a novation of lease obligations, that determination is against the manifest weight of the evidence, and the fifth assignment of error is sustained.

Because the tax assessments were based solely upon Informatics' possession and use of personal property in Ohio, as opposed to charges it might make to out-of-state customers, the sixth assignment of error is not well-taken and is overruled.

The first, second, third, and fifth assignments of error are sustained; the fourth and sixth assignments of error are overruled; and, because we conclude that the decision of the Board of Tax Appeals is unreasonable and unlawful, the final decision appealed from is reversed and this cause is remanded to the Board

of Tax Appeals for further proceedings according to law and consistent with this opinion.

*Decision reversed and cause remanded.*

REILLY, P.J., and NICHOLS, J., concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Tenth Appellate District.