**UNIVERSITY COMPUTING COMPANY, Plaintiff-Appellant,**

v.

**Hon. Martha OLSEN, Commissioner of Revenue For the State of Tennessee, Defendant-Appellee.**

Supreme Court of Tennessee, at Nashville.

Oct. 1, 1984.

Gary M. Brown, Nashville, for plaintiff-appellant.

Gregory Nelson, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

ALLISON B. HUMPHREYS, Special Justice.

This is a suit for refund of Tennessee Use Taxes levied on computer software and paid under protest.

The issue presented is whether the Tennessee Retail Sales Tax Act, T.C.A. § 67–6–101, *et seq.*, which imposes a tax on the sale and use of tangible personal property, as amended by Chapter 789 of the 1978 Tennessee Public Acts, applies to computer software. In the proceedings below, taxpayer paid under protest a use tax on the licensing and sale of computer software and sued for a refund. On motion by taxpayer for judgment on the pleadings and by the Commissioner for summary judgment on the agreement of the parties that the tax was a use tax, the Chancellor overruled taxpayer's motion, sustained Commissioner's motion, and affirmed the assessment. The summary judgment was made final and taxpayer has appealed.

The Retail Sales Tax Act is a comprehensive taxing statute, levying a sales tax for the privilege of selling tangible personal property in Tennessee and, as a supplement thereto, the act levies a tax on the use of tangible personal property in Tennessee. The scheme of taxation is to tax equally all sales of tangible personal property in Tennessee and all those who import and use it. That is, each class to have the same tax liability. In construing

the act this primary intent must be respected and carried out if there is any language in the act that warrants this. *Broadacre Dairies v. Evan*, 193 Tenn. 441, 246 S.W.2d 78 (1952).

In *Commerce Union Bank v. Tidwell*, 538 S.W.2d 405 (Tenn.1976) this Court held that the sale of computer software does not constitute the sale of tangible personal property so as to permit its taxation under the act.

Following the Commerce Union decision the General Assembly by Chapter 42, Tennessee Public Acts of 1977, amended the definition of tangible personal property found in T.C.A. § 67–6–102(17) to include computer software. It did this by adding the following to the definition:

"Tangible personal property specifically includes customized or packaged computer software, which is defined to mean information and directions loaded into a computer which dictate different functions to be performed by the computer, whether contained on tapes, discs, cards or other device or material."

It is agreed that this amendment made both the sales and use taxes applicable to computer software.

Within a year of this amendment, the General Assembly again amended the Sales Tax Act by enacting Chapter 789 of the Public Acts of 1978, repealing Chapter 42 of the Public Acts of 1977, thereby removing computer software from the definition of tangible personal property. The act, however, amended the definition of "sales," T.C.A. § 67–6–102(14)(B), by providing

" 'Sale' shall also mean such transfer of customized or packaged computer software, which is defined to mean, information and directions loaded into a computer which dictate different functions to be performed by the computer, whether contained on tapes, discs, cards or other device or material. For such purpose, computer software shall be considered tangible personal property, however the fabrication of software by a person for his own use or consumption shall not be considered a taxable use under § 67–

2003(h) or any other section of this chapter.

This Act of the General Assembly raises the question whether it was intended that the use tax on computer software be done away with.

It is evident from the fact that the amendment was made, that the General Assembly did not intend to do away with the use tax on computer software.

■ Had there been any such intent, the definition of sales would not have been amended. This is the only conclusion that can be reached in consideration of the primary objective of the act to tax both sales and use equally. So even though on its face the appearance may be given of such a result, it is the duty of the Court to look further to see whether the General Assembly has truly done such an irrational thing as to tax sales but to exempt use of computer software or whether, in the light of other provisions of the act, it has kept to the primary intent of the act: to tax both sales and use equally.

In deciding whether it was the intention to abandon use taxation of computer software, the legislative history may be considered. This may be done when it is not clear just what the General Assembly had in mind in what it did. And in this instance it is not clear.

■ The Legislative history discloses that the purpose behind the enactment of Chapter 789, Public Acts of 1978, was the elimination of a problem created by the 1977 act. Under the 1977 amendment of the definition of tangible personal property, computer software developed within a company or by a person for personal use could be subjected to use taxation. The purpose of the 1978 amendment was to ensure the exemption of such computer software. Representative S. Thomas Burnett, who was Majority Leader at the time, made statements on the floor of the Tennessee House of Representatives at the time of the enactment of Chapter 789 which clearly reflect that this limited exemption of in-

house software was the sole purpose of the act.

"Mr. Speaker last year we passed legislation affecting computer software which in fact we did not at that time intend to include in-house computer software. This piece of legislation with the amendment that I have will take care of the situation and will remove the in-house computer software ... Mr. Speaker and members of the House, what this amendment is it clarifies and makes certain for all times to come that in-house computer software is not in fact taxable."

The question is, then, did the General Assembly accomplish what it intended: exempt computer software made by the user, but continue taxation of its sale or use otherwise. We think it did.

This conclusion is based upon a construction of T.C.A. § 67–6–102(14)(B) and T.C.A. § 67–6–210. T.C.A. § 67–6–102(14)(B) has already been quoted in this opinion. Essentially, it defined "Sale" so as to include all computer software, not made by the user for personal use.

When this provision is considered in connection with T.C.A. § 67–6–210, it is evident that the General Assembly accomplished what it set out to do. This last code section reads:

"On all tangible personal property imported, or cause to be imported from other states or foreign country, and used by him, the "dealer" as defined in § 67–3017, shall pay the tax imposed by this chapter on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in the state. *For the purposes of this chapter, the use, or consumption, or distribution, or storage to be used or consumed in this state of tangible personal property shall each be equivalent to the sale at retail, and the tax shall thereupon immediately levy and be* collected in the manner provided herein, provided there shall be no duplication in the tax in any event ...." (Emphasis supplied).

This statute provision makes use the equivalent of sales, which, by definition, make use and sales "virtually identical." (Merriam Webster International Dictionary, Unabridged, 2d ed.)

Use being "virtually identical" to sales, one can look to the definition of sales to achieve that equality of taxation first discussed: the equal taxation of both sales and use.

While it would have been preferable that the taxation of the use of computer software be provided for in some less circuitous route, there is nothing constitutionally wrong with doing it the way the General Assembly did.

Plaintiff-appellant argues that the definition of use (T.C.A. § 67–6–210) excludes "the sale at retail of ... property in the regular course of business ...."

This, however, does not affect the conclusion reached, because the purpose of this provision is to avoid double taxation. This provision cannot be applied to defeat the primary intent of the act which is to tax equally the use and the retail sale.

We cannot agree that the rule, that tax acts cannot be extended by implication and must be construed against the taxing authority, operates to defeat the tax in this case. When faced by an invocation of this rule, it is still the court's duty to look to and apply all of the language of the act so as to achieve equal taxation, where there is an evident intent to tax; even though this intent is ineptly expressed.

When, as in this case, the Court is presented with a statute which taxes sales of computer software, the Court is required, in consideration of the primary objective of the statute to achieve equality in taxation, to examine carefully to see whether the act also taxes users of such software. Our conclusion is that it does.

The judgment of the Chancellor is affirmed at the cost of appellant and the cause is remanded to the Chancery Court

for any further proceedings which may be necessary.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.