**CREASY SYSTEMS CONSULTANTS, INCORPORATED, Appellant,**

v.

**Martha B. OLSEN, Commissioner of Revenue State of Tennessee, Appellee.**

Supreme Court of Tennessee, at Nashville.

Sept. 8, 1986.

C. Michael Norton, Bone, Langford & Armistead, Nashville, for appellant.

J. Robert Walker, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen., Nashville, for appellee.

David S. Weed of Littleton, Weed & Hubbard, Nashville, for amicus curiae Nissan Motor Mfg. Corp. U.S.A.

Donnell J. McCormack, Jr., Hotel Group Law Department, Memphis, for amicus curiae Holiday Inns, Inc.

William L. Rahner, Memphis, for amicus curiae Federal Exp. Corp.

## OPINION

COOPER, Justice.

Creasy Systems Consultants, Inc. filed this action seeking a refund of sales taxes assessed against it for the years 1979 through 1982, which were paid under protest. The chancellor dismissed the action, holding that the fabrication or modification of clients' computer software by plaintiff was a "sale" within the definition set forth in T.C.A. § 67-6-102(14), and was subject to the sales tax. This appeal resulted.

Plaintiff is a Tennessee corporation providing computer programming consulting services to clients who use small business computers. During the relevant time period, plaintiff's principal activity was the fabrication or modification of computer software for use by plaintiff's clients on their own computers.[1] Basically, plaintiff would determine the needs of its client and the end product the client wished to produce. Plaintiff then would design a program and, using the client's computer and magnetic disks, would imput the program onto discs or diskettes for use in the client's computer. On occasion, plaintiff would write out computer instructions in narrative form on sheets of paper (called "code sheets"), which were used by employees of the client to enter the instructions into the computer or onto magnetic disks or diskettes. Ownership and possession of the disks or diskettes on which the instructions and information were placed were at all times in the client. Plaintiff was paid on a contract basis, usually by the hour, for work done in fabricating new or modifying existing computer programs.

The Retailers' Sales Tax Act, T.C.A. § 67-6-101 *et seq.*, is a comprehensive taxing statute, levying a sales tax for the privilege of selling tangible personal property in Tennessee and, as a supplement

---

1. There were a few instances—the number is not revealed in the record—where plaintiff's consultations did not result in computer programs.

thereto, the act levies a tax on the use of tangible personal property in Tennessee. The scheme of taxation is to tax equally all sales of tangible personal property in Tennessee and all those who import and use it. *University Computing Co. v. Olsen,* 677 S.W.2d 445, 446 (Tenn.1984).

For the tax period in question, a "sale" was defined in T.C.A. § 67–6–102(14)(A) as:

> ... any transfer of title or possession or both, exchange, barter, lease, or rental, conditional, or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration, *and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work,* ... (emphasis supplied)

And further, § 67–6–102(14)(B) provides that:

> "Sale" shall also mean such transfer of customized or packaged computer software, which is defined to mean, information and directions loaded into a computer which dictate different functions to be performed by the computer, whether contained on tapes, discs, cards, or other device or material. For such purpose, computer software shall be considered tangible personal property, however, the fabrication of software by a person for his own use or consumption shall not be considered a taxable "use". ...

The definition of computer software as tangible personal property was the response of the General Assembly to the holding of this court in *Commerce Union Bank v. Tidwell,* 538 S.W.2d 405 (Tenn. 1976) that a sale of computer software was not a sale of tangible personal property, and its realization that the definition first adopted opened the way for computer software developed within a company for its own use to be subjected to use taxation. *See University Computing Co. v. Olsen,* 677 S.W.2d 445 (Tenn.1984).

Plaintiff argues that, under these definitions of a "sale," in order to apply the tax at a minimum there must have been a "transfer" from the plaintiff to his clients of a tape, disc, cards, or other tangible media on which computer programs are contained. In short, the sales tax can be avoided by the plaintiff by the simple expedient of imputing the computer programs it develops or modifies onto disks owned by its client. We cannot accept this argument. Our reading of the above comprehensive definitions of "sale", in light of the purpose of the Retailers' Sales Tax Act, has convinced us that the legislature intended to tax the transfer or fabrication of computer programs whatever the means used, excepting only the fabrication of computer software by a person for his own use. Here the plaintiff took tangible materials, such as a disc and a computer of the client, and imputed information and directions onto the disc or into the computer, dictating different functions to be performed by the computer. By definition, the computer software thus fabricated is tangible personal property. Also by definition, the fabrication of tangible personal property, using materials of the consumer, is a "sale" for the purpose of the Retailers' Sales Tax Act.

Amici curiae urge us to adopt the approach of the Ohio Supreme Court in *Accountants Computer Systems, Inc. v. Kosydar,* 35 Ohio St.2d 120, 298 N.E.2d 519 (1973) and "examine the real object sought by the buyer, i.e., the service per se or the property produced by the service, and determine if it was the buyer's object to obtain an act done personally by an individual as an economic service involving either the intellectual or manual personal effort of an individual, or if it was the buyer's object to obtain only the saleable end product of some individual's skille." They then argue that where the real object sought by the buyer is the "intellectual ... personal effort of (the computer consultant)" and the functional software is only the end result, it is not subject to the sales tax. So far as we can tell from the record, plaintiff's clients were primarily interested in the end result—that is, a new or modified or debugged program for its computers that could be used satisfactorily by its employees. Plaintiff's president testified that

only "very, very infrequently" did its work not lead to the creation of software. But, whatever the primary interest of the client, the legislature has imposed a tax on the transfer or fabrication of customized or packaged computer software.

It is also argued that in the development of software by the plaintiff for its clients, plaintiff is merely the agent of its client and that the soft-ware produced should be considered "in-house computer software" and be exempt from sales and use taxes. This is an ingenuous argument, but does not fit the facts of the case. Under its contract with the client, plaintiff is not an agent, but an independent contractor. Furthermore, plaintiff does not fabricate computer software for its own use, but for use of its clients.

Plaintiff also insists that its business is a professional personal service business, and that its charges for such services are exempt from sales or use tax even if some tangible personal property is transferred incidental to the performance of its services. The service rendered its clients by plaintiff is not within the list of services subject to the sales tax. *See* T.C.A. § 67–6–102(14)(F). But, it is not necessary that it be. The tax imposed is this instance is not a tax on services, it is on the transfer of computer software, which the legislature intends to be taxed the same as all other transfer of tangible personal property.

Judgment is affirmed. Costs incident to the appeal are adjudged against plaintiff and its surety.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.