Ella W. WOODALL, Administratrix ad litem for the Estate of Bobby Lee Glass, Deceased, Plaintiff/Appellant,

v.

Van E. HAMLETT, et al., Defendants/Appellees.

No. 01S01–9209–CV–00104.

Supreme Court of Tennessee, at Nashville.

Feb. 28, 1994.

Thomas E. Stewart, Thomas M. Black, Madison, for appellant.

Roland M. Lowell, Nashville, for appellees.

## OPINION

O'BRIEN, Justice.

This workers' compensation case comes before the Court by grant of a Rule 9 Interlocutory Appeal filed by the administratrix ad litem of the employee's estate raising the issue of whether the trial court erred by calculating the commencement of death benefits and interest from 24 February 1992, the date that an accompanying tort claim was dismissed, instead of from the date of the employee's death in accordance with T.C.A. § 50–6–205(b)(2).

The employee, Bobby Lee Glass, was killed on 10 January 1990, while in the course and scope of his employment with defendant, Van E. Hamlett, Inc. Thereafter suit was brought against the defendant corporation and the corporation's sole owners seeking recovery in tort for wrongful death and also for workers' compensation death benefits. The complaint alleged that the corporation's owners, Van E. Hamlett and Virginia Hamlett, were negligent in maintaining the vehicle being driven by the employee at the time of his death.

On 24 February 1992, the trial court dismissed the portion of the plaintiffs' claim grounded in tort and subsequently held a hearing to consider the workers' compensation claim. In conjunction with stipulations made by the parties the trial court held against the defendant corporation and awarded the employee's estate workers' compensation death benefits in the amount of $100,800. The trial court also awarded $3,000 in funeral expenses, ten percent (10%) interest on the award and taxed defendants with a six percent (6%) penalty on the funeral expenses and upon any unpaid periodic payments from and after 24 February 1992. Judgment was

reserved on the issue of personal liability of the owners of the corporation. The trial court stated in its order that "[u]pon failure of Von [sic] E. Hamlett, Inc. to make payments pursuant to the workers' compensation statute, the Court will consider secondary liability of the individual defendants and plaintiff may move the Court to find as fact the corporation either will not or cannot provide commensurate benefits ..."

The death benefits were ordered to be paid bi-monthly, in the amount of $252 per week, for 400 weeks. Further, the court ordered that commencement of payments and interest on the award be calculated as of 24 February 1992. It is argued that the benefit payments and interest accrue as of the date of the employee's death, not on the date that the wrongful death tort action was dismissed.

The controlling statute, T.C.A. § 50–6–205(b)(2) states:

> Compensation shall be paid promptly, the first payment shall be due and payable within fifteen (15) days after the employer has knowledge of any disability or death, and thereafter compensation shall be paid to the employee or the employee's dependents semi-monthly.

It follows then that the payment of compensation should have begun within fifteen (15) days after the employer had knowledge of the death of Mr. Glass and should have continued thereafter on a semi-monthly basis.

Interest on the judgments should have been computed in accordance with T.C.A. § 50–6–225 from the date that the judgment or decree was entered. In *West American Insurance Co. v. Montgomery*, 861 S.W.2d 230, 232 (Tenn.1993), the Court said: "Where an employee in a workers' compensation case is awarded a money judgment against the employer or his insurance carrier and any part of the judgment is payable in future installments the judgment recipient is not entitled to interest on that part of the award represented by installment payments until the date the first installment is due. If the installments are not paid in full when due the employee is entitled to interest on that amount at the rate set forth in T.C.A. § 50–6–225(h)." Appellant is entitled to interest on all accrued installments.

Defendants' argument that T.C.A. § 47–14–123 is applicable in this case is without merit. In *Leatherwood v. United Parcel Service*, 708 S.W.2d 396, 399 (Tenn.App. 1985), the court made clear that the benefits conferred by our Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depends solely upon statutory authority, citing T.C.A. § 50–6–101 *et seq.* (1983). T.C.A. § 50–6–108 provides in pertinent part:

> Right to compensation *exclusive*—(a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, ... shall *exclude* all other rights and remedies of such employee, such employee's personal representative, dependents, or next of kin, at common-law or otherwise, on account of such injury or death.

■ The trial court ordered that a six percent (6%) penalty be added to the amount of the funeral expenses and the unpaid periodic payments from and after 24 February 1992 remaining due and unpaid to the date of the order which was entered on 16 June 1992. It is not clear that this order was in consonance with T.C.A. § 50–6–205(b)(2) and (3) which state respectively:

> (2) Compensation shall be paid promptly, the first payment shall be due and payable within fifteen (15) days after the employer has knowledge of any disability or death, and thereafter compensation shall be paid to the employee or the employee's dependents semi-monthly.
> (3) Any employer or such employer's insurance carrier who fails to pay compensation as herein provided shall suffer a penalty of six percent (6%) on any unpaid installments.

The statute is mandatory. However, in *Mayes v. Genesco, Inc.*, 510 S.W.2d 882, 885 (Tenn.1974), the Court made this comment:

> The courts, as a general rule do not favor penalties, and this Court finds that if the defendant did not pay the plaintiff as alleged, and that such failure to pay was in good faith, or based on a reasonable judgment or doubt, then the penalty should not be assessed against the defendant, for we

interpret word "penalty" as used in the statute to mean just that. The words in the statute "should suffer a penalty" to us implies that the failure to pay must be in bad faith on the part of the defendant and we so hold. To rule otherwise would be to automatically attach a six percent (6%) penalty in all cases where the defendant did not pay as provided by this Statute, whether in good or bad faith. Thus, the discretion and judgment of defendant employers and/or their insurance carrier, in making an honest, intelligent and knowledgeable evaluation of claims such as this, would be hampered if not destroyed, and the Workers' Compensation Act itself would ultimately be affected.

This case was heard largely on stipulation. There is no factual record to review in order to determine if the imposition of the penalty in accordance with the statute is justified. Accordingly, the case is remanded for further consideration in the light of this Opinion, including the determination of whether a penalty should be imposed in accordance with T.C.A. § 50–6–205(b)(3). Costs on this appeal are assessed against the defendants.

REID, C.J., and DROWOTA and DAUGHTREY, JJ., concur.

DAUGHTREY, not participating.