William Larry MERCER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–001313–MR.

Court of Appeals of Kentucky.

May 13, 1994.

Discretionary Review Denied by Supreme Court Aug. 24, 1994.

James E. Greer, II, Versailles, for appellant.

Chris Gorman, Atty. Gen., Paul Gilbert, Grant Winston, Asst. Attys. Gen., Frankfort, for appellee.

Before DYCHE, EMBERTON and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge:

Appellant, William Larry Mercer, appeals from a conviction of DUI, fourth, and possession of marijuana in which he entered a conditional guilty plea and was sentenced to two years' imprisonment. After reviewing the record and applicable authorities, we affirm.

The essential facts in this case are not in dispute. Mercer was indicted in November 1992 of DUI, fourth, and possession of marijuana, less than eight ounces. Mercer moved to dismiss the indictment, contending the arresting officer lacked the proper authority. A hearing was held March 15, 1993, on the matter. The lower court determined that no life threatening situation occurred, but overruled the motion in finding that the Conservation Officers had been requested to assist in enforcing all laws of the Commonwealth.

At the hearing, Officer Jeff McCormick of the Department of Fish and Wildlife Resources, the arresting officer, testified that he was working night deer hunting when he saw appellant's vehicle stop in front of the area he was observing. Officer McCormick watched a passenger exit, then reenter the vehicle a minute later and then the vehicle continued down the road. Officer McCormick followed appellant's vehicle, observed it weaving back and forth across the road, and thereafter stopped the vehicle in which appellant's arrest followed.

Thereafter, appellant entered a conditional plea of guilty pursuant to RCr 8.09 and was sentenced to two years' imprisonment. This appeal followed.

Appellant's sole contention on appeal is that the lower court committed reversible error by denying his motion to dismiss since the arresting officer did not have the authority to arrest him. Specifically, appellant argues that KRS 150.090(1) must be strictly construed to mean that the Commissioner has the ability to send out his officers in life threatening situations or upon requests from other enforcement agencies only on a case-by-case basis. Moreover, the agencies involved have usurped the legislative power in deciding which laws they want to enforce on a comprehensive basis. In other words, appellant avers that the administrative agencies have unconstitutionally increased the scope of their authority without specific legislation.

To better understand and effectively address this issue, a detailed history of the administrative policy and regulation is necessary.

As was developed from the arguments and evidence submitted at the hearing by the lower court on the motion to dismiss, Officer McCormick arrested appellant on the authority of KRS 150.090(1), which states:

Conservation officers appointed by the commissioner shall have full powers as peace officers for the enforcement of all of the laws of the Commonwealth, except that they shall not enforce laws other than this chapter and the administrative regulations issued thereunder or to serve process unless so directed by the commissioner in life threatening situations or when assistance is requested by another law enforcement agency.

In 1989, the Department of Fish and Wildlife Resources, seeking a clarification of their policing powers, requested the Attorney General to answer the following questions:

1) Can the Commissioner of Fish and Wildlife issue a comprehensive directive authorizing Conservation Officers to exercise full powers as peace officers to enforce all laws of the Commonwealth in life threatening situations? (Who defines life threatening situation as it pertains to KRS 150.090(1)?)

2) Can another law enforcement agency make a comprehensive request to the Commissioner of Fish and Wildlife for Conservation Officers to assist them with full powers as peace officers to enforce all laws of the Commonwealth?

The answer to these questions is contained in an opinion issued in January 1990, OAG 90–3, in which the Attorney General reasoned that the legislature had expanded the arrest power of the Fish and Wildlife Officers. His next finding was that case-by-case requests would be impractical. Hence, he concluded that "[T]he only answer that can be given to both questions here put to this officer is: yes. . . ." The Attorney General, through his opinion, approved comprehensive requests from law enforcement agencies for the assistance of Conservation Officers in the enforcement of all laws of the Commonwealth.

Thereafter in July 1990, Commissioner Michael Troop of the Kentucky State Police requested Fish and Wildlife Officers to enforce all criminal laws of the Commonwealth. The Department of Natural Resources also requested the assistance of Fish and Wildlife officers at the same time. As a result, the Department of Fish and Wildlife developed a policy in November 1992 which ordered its officers to arrest drunk drivers when they present a substantial risk of imminent danger to themselves or others, when they observe criminal offenses in which an officer or the public is in danger, or in any instance in which an officer feels action is needed in their sound judgment.

In the present case, the Commonwealth argues that appellant's arrest was justified and proper pursuant to KRS 150.090(1) and OAG 90–3, since there was a life threatening situation and the State Police requested the Conservation Officers enforce all criminal laws of the Commonwealth. Further, the Department of Fish and Wildlife enacted a policy giving its officers the power to stop and arrest drunk drivers, such as appellant.

As was stated earlier, KRS 150.090(1) states that Conservation Officers have full powers as peace officers for the enforcement of all the laws of the Commonwealth when directed by the Commissioner in life threatening situations or when assistance is requested by another law enforcement agency.

The lower court found that based on the Kentucky State Police's request for assistance in enforcing all the criminal laws of the Commonwealth, this satisfied the requirements of KRS 150.090(1) and gave Officer McCormick the authority to arrest appellant for DUI and possession of marijuana.

It appears to this Court that there is no ambiguity in the wording of KRS 150.-090(1) and statutes are to be construed according to the plain meaning of the words contained therein. *See Reda Pump Co., a Div. of TRW, Inc. v. Finck,* Ky., 713 S.W.2d 818, 820 (1986). Since the Kentucky State Police requested the assistance of the Conservation Officers in the enforcement of all criminal laws of the Commonwealth, and the Commissioner issued specific regulations for the officers to follow, as were done in the case sub judice, we believe the Conservation Officer had the authority to stop and arrest appellant for DUI. Furthermore, we adjudge that the enforcement agencies have not usurped the legislative power or acted beyond the scope of KRS 150.090(1).

Accordingly, the judgment of Shelby Circuit Court is affirmed.

All concur.