Terry L. MIDDLETON,
Plaintiff–Appellee,

v.

ALLEGHENY ELECTRIC COMPANY,
INC. and Rust Engineering Company,
Inc., Defendants–Appellants.

Supreme Court of Tennessee,
at Knoxville.

May 11, 1995.

**696**

John T. Johnson, Jr., Knoxville, for appellants.

Roger L. Ridenour, Clinton, for appellee.

### JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well-taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's opinion shall be published.

Cost will be paid by plaintiff-appellee and surety, for which execution may issue if necessary.

ANDERSON, C.J., not participating.

*Members of Panel:* E. RILEY ANDERSON, Chief Justice, Supreme Court, JOHN K. BYERS, Senior Judge, and ROGER E. THAYER, Special Judge.

### MEMORANDUM OPINION

JOHN K. BYERS, Senior Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

At issue in this case is whether the evidence supports the finding of the trial judge that the plaintiff should receive 75 percent permanent partial impairment to the body as a whole, or whether the award must be restricted to not more than six times the medical impairment rating testified to by a physician.

We find the award must be restricted to six times the medical impairment rating. We, therefore, modify and affirm the judgment of the trial court.

The plaintiff was injured on August 15, 1992. This case is controlled by Chapter 6 of

the Workers' Compensation Act, as amended in 1992, effective August 1, 1992. Tenn.Code Ann. § 50–6–241(b) is the applicable section upon which the limitation in this case is based. Under that section, the award is limited to six times the medical impairment rating. The limitation in Tenn.Code Ann. § 50–6–241(b) can be exceeded under the provisions of Tenn.Code Ann. § 50–6–242 if the terms of that statute are met:

**Award of permanent partial disability benefits for permanent medical impairment in certain cases.**—Notwithstanding any provision of this chapter to the contrary, the trial judge may award employees permanent partial disability benefits, not to exceed four hundred (400) weeks, in appropriate cases where permanent medical impairment is found and the employee is eligible to receive the maximum disability award under § 50–6–241(a)(2) or (b). In such cases the court, on the date of maximum medical improvement, must make a specific documented finding, supported by clear and convincing evidence, of at least three (3) of the following four (4) items:

(1) The employee lacks a high school diploma or general equivalency diploma or the employee cannot read or write on a grade eight (8) level;

(2) The employee is age fifty-five (55) or older;

(3) The employee has no reasonably transferable job skills from prior vocational background and training; and

(4) The employee has no reasonable employment opportunities available locally considered the employee's permanent medical condition.

The plaintiff is thirty-five years of age and has limited education. His training is as a laborer only.

The parties agree that the plaintiff meets the requirements of Tenn.Code Ann. § 50–6–242(1), (3). The contest focuses on whether the plaintiff has shown by clear and convincing evidence that no reasonable employment opportunities are available, etc., as set out in sub-section (4) of the exemption statute.

The medical doctor who treated the plaintiff testified the plaintiff had a 6 percent permanent partial medical impairment to the body as a whole. The doctor limited the plaintiff to 25 pounds lifting on a repetitive bases with occasional lifting of 80 pounds. A report was introduced from Associates Therapeutics, who conducted a work-hardening program which the plaintiff found he could lift 30 pounds on a frequent basis.

Dr. Greg Colvin, a vocational expert examined the plaintiff and tested his scholastic ability. Based upon his tests, etc., and the testimony of the doctors, Dr. Colvin found the plaintiff had sustained a 75 percent vocational impairment. Dr. Colvin was of the opinion the plaintiff was excluded from performing all but 25 percent of the jobs available in this area. This is based upon the medical restrictions imposed by the doctor and the lack of skills possessed by the plaintiff. Dr. Colvin's testimony became somewhat equivocal when he was made aware of the report from Associate Therapeutic, which found less restrictions on lifting.

Dr. Jane Colvin–Roberson, a vocational consultant, testified she had interviewed the plaintiff, studied the plaintiff and studied the applicable reports concerning his injury. Dr. Roberson was of the opinion the plaintiff had suffered a 29 percent vocational impairment and that he was capable of performing 71 percent of the jobs available to him in this area.

The plaintiff is no longer employed by the defendant. The 6 percent permanent partial medical impairment rating to the body as a whole, testified to by the doctor, would limit the award to not more than 36 percent which is six times the medical impairment rating, Tenn.Code Ann. § 50–6–241(2)(b), unless the testimony of the vocational experts and the plaintiff is sufficient to bring the award under the exception of Tenn.Code Ann. § 50–6–242.

██ This can only be done if clear and convincing evidence justifies the application of the exception in Tenn.Code Ann. § 50–6–242. "Clear and convincing evidence" means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

**698**

*Hodges v. S.C. Toof and Co.*, 833 S.W.2d 896 (Tenn.1992).

Tenn.Code Ann. § 50–6–242 requires the trial judge to "make a specific documented finding, supported by clear and convincing evidence, of [the existence of] at least three of the ... four items," enumerated in the statutes before the limits set out in Tenn. Code Ann. § 50–6–241 can be exceeded. The trial judge did not comply with this requirement in this case. The defendants ask that we do so.

■ Tenn.Code Ann. § 50–6–242 requires the trial judge to make this determination. We are not in a position to do so. There will be witnesses who will testify in person. The assessment of the credibility of these witnesses must be made by the trial judge. We are unable to make this determination.

The plaintiff asks us to construe the provisions of Tenn.Code Ann. § 50–6–242 liberally so as to carry out what he asserts is the legislative intent to protect workers who have been injured on the job.

■ We find it difficult to construe this statute beyond the meaning of the language contained in Tenn.Code Ann. § 50–6–241 and Tenn.Code Ann. § 50–6–242. If a statute is clear, plain and unambiguous and if the enactment of the statute is within the legislative domain, the Courts must recognize the law on the subject is written as intended and the statute must be upheld. *Carson Creek Vacations Resorts, Inc. v. Tennessee Department of Revenue*, 865 S.W.2d 1 (Tenn.1993). In *Pollard v. Knox County*, 886 S.W.2d 759 (Tenn.1994), the Supreme Court said:[1]

While the Workers' Compensation Act is to be liberally construed for the employee's benefit, that policy does not authorize the amendment, alteration or extension of its provisions to be on his obvious meaning [beyond its obvious meaning]. ...

■ We find the statute reflects a clear intent on the part of the legislature to restrict disability awards in workers' compensation cases as indicated in Tenn.Code Ann. § 50–6–241. The clear mandate of the legis-

lature is that the delineated limits should be exceeded only when there is a showing by clear and convincing evidence that the limits should be exceeded.

■ We find the plaintiff has failed to show by clear and convincing evidence that the limit of six times the medical impairment should be exceeded in this case. We, therefore, modify the judgment to award 36 percent permanent partial impairment to the body as a whole.

We tax the cost of this appeal to the plaintiff and remand the case to the trial court for entry of such orders that are necessary to carry out the judgment of this panel.

E. RILEY ANDERSON, C.J., and ROGER E. THAYER, Special Judge, concur.

---

1. The words "to be on his" in the above statement by the Supreme Court is an obvious typo-graphical error subject to being changed by the Supreme Court.