**Bobby W. INGRAM, Plaintiff–Appellant,**

v.

**STATE INDUSTRIES, INC.,
Defendant–Appellant.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel, at Nashville.

Nov. 2, 1995.

Jim Sowell, Dickson, for Plaintiff–Appellant.

John Thomas Feeney, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Nashville, for Defendant–Appellant.

Mailed September 27, 1995.

*Members of Panel:*

FRANK F. DROWOTA, III, Associate Justice, Supreme Court, JOHN K. BYERS, Senior Judge, JOE C. LOSER, Jr., Special Judge.

## MEMORANDUM OPINION

LOSER, Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. section 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law.. In this appeal, the employer contends (1) that the award of permanent partial disability benefits based on 70 percent to the body as a whole is excessive and (2) that the inclusion of a vocational expert's examination fee in the award of discretionary costs was error. The employee contends that the trial court erred by not commuting the award of permanent partial disability benefits to a lump sum. The panel concludes that the case should be remanded to the trial court for specific findings with respect to permanent partial disability benefits and further consideration with respect to discretionary costs and lump sum payment.

The claimant or employee, Bobby W. Ingram, was 54 years old at the time of his injuries and had worked for the employer, State Industries, for 27 years. He has an eighth grade education. He worked as a lead man, supervising eight or nine people, filling in for those workers from time to time, and performing certain administrative duties. On occasions he was required to lift water heaters weighing more than thirty pounds. He has also worked as a cabinet maker and laborer.

He was so employed on April 15, 1993, when he slipped and fell on his buttocks, injuring his lower back. X-rays taken that day reflected a possible coccygeal fracture. On May 28th, the claimant saw Dr. Thomas H. Tompkins, an orthopedic surgeon, with complaints of pain in his back and leg, numbness in his right toe and fecal incontinence. When orthopedic diagnostic test results were normal, the doctor referred the claimant to a neurologist, who diagnosed lumbar disc syndrome without radiculopathy. The claimant received conservative medical care and physical therapy. On October 1, 1993, Dr. Tompkins opined that the claimant had reached maximum medical improvement and would retain a permanent impairment of 5 percent

to the whole body, using appropriate guidelines. The doctor prescribed a permanent lifting limitation of 30 pounds, but no limitation on pushing, pulling or operating machinery. He also noted that the claimant had preexisting degenerative disc disease which became symptomatic after the injury.

The claimant has not returned to work. His own opinion is that he is unable to work. A vocational expert estimated his industrial disability at from 61 percent based on medical records and reports, to 71 percent based on her own test results and 80 percent based on the history provided by the claimant.

The trial judge found that the claimant's job prospects were severely limited because of his condition, that the claimant was 56 years old at the time of the trial, that the claimant could read and write at the seventh grade level and that the claimant has no technical or transferrable job skills. He awarded permanent partial disability benefits on the basis of 70 percent to the body as a whole. The trial judge did not document that his findings were supported by clear and convincing evidence.

■■■ For injuries occurring after August 1, 1992, where an injured worker is entitled to receive permanent partial disability benefits to the body as a whole, and the pre-injury employer does not return the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of the injury, the maximum permanent partial disability award that the employee may receive is six times the medical impairment rating. Tenn.Code Ann. section 50–6–241(b) (1994 Supp.). Notwithstanding that limitation and others, a court may award permanent partial disability benefits, not to exceed four hundred weeks, in appropriate cases where permanent medical impairment is found and the employee is entitled to receive the maximum award of six times the medical impairment. In such case, the court must make a specific documented finding, supported by clear and convincing evidence, that *on the date the employee reached maximum medical improvement,* at least three of the following four circumstances existed:

(1) the employee lacked a high school diploma or general equivalency diploma or could not read or write on a grade eight level;

(2) the employee was age 55 or older;

(3) the employee had no reasonably transferable job skills from prior vocational background and training; and

(4) the employee had no reasonable employment opportunities available locally considering the employee's permanent medical condition.

Tenn.Code Ann. section 50–6–242 (1994 Supp). The documented finding, based on clear and convincing evidence must be made by the trial court, not by this tribunal. *See Middleton v. Allegheny Electric Company, Inc.*, 897 S.W.2d 695 (Tenn.1995). "Clear and convincing evidence" means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Id.* at 697.

■ In this case, the trial court did not make the documented findings required by Tenn.Code Ann. section 50–6–242, but did comply with Tenn.Code Ann. section 50–6–241(c) (1994 Supp), which authorizes an award based on six times the medical impairment.[1] Because we agree with the trial court, from a consideration of the evidence adduced at trial, that this claimant is severely disabled, we remand the cause to the trial court for further consideration to determine whether three of the above enumerated circumstances have been established by clear and convincing evidence. On remand, the trial court may permit both parties to take and offer additional proof as to the enumerated circumstances. If the trial court, upon consideration of all the evidence, finds from clear and convincing evidence that at least three of the enumerated circumstances existed on the day the claimant reached maximum medical improvement, and if the trial judge documents such findings, then the award of permanent partial disability benefits may ex-

ceed six times the medical impairment. If the trial court cannot so find or if the trial court does not document such findings, then the award may not exceed six times the medical impairment.

The trial court's award of discretionary costs included $1,357.50 for the fees of a vocational expert. By Tenn.R.Civ.P. 54.04(2), certain costs, including expert witness fees for depositions or trial, are recoverable, in the trial court's discretion, in addition to costs included in the bill of costs prepared by the clerk. Tenn.Code Ann. section 50–6–226(c)(1) (1991 Repl) provides that the "fees charged to the claimant by the treating physician or a specialist to whom the employee was referred for giving testimony by oral deposition relative to the claim, shall, unless the interests of justice require otherwise, be considered a part of the costs or the case, to be charged against the employer when the employee is the prevailing party." In *Miles v. Voss Health Care Center*, 896 S.W.2d 773 at p. 775 (Tenn.1995), the Supreme Court, recognizing the above subsection but relying on Rule 54.04(2), held that the vocational expert's examination fee was not recoverable, but that the expert's fee for testifying was recoverable. That case involved an injury which occurred before August 1, 1992 and, therefore, before an injured worker was required to establish three of the above four circumstances by clear and convincing evidence in order to recover a permanent partial disability award exceeding six times the medical impairment.

■ The opinion of a vocational expert is necessary to establish that the employee had "no reasonably transferable job skills from prior vocational background and training" or that "the employee had no reasonable employment opportunities available locally considering the employee's permanent medical condition," or both. We are persuaded therefore that such an expert's examination

---

1. *T.C.A. 50–6–241(c) The multipliers established by subsections (a) and (b) are intended to be maximum limits. If the court awards a multiplier of five (5) or greater, then the court shall make specific findings of fact detailing the reasons for awarding the maximum impairment. In making such determinations, the court shall consider all* pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. {Acts 1992, ch. 900, section 16.}

fee should be allowed as discretionary costs in those cases where the trial judge, based on the vocational expert's testimony, makes the required findings and awards more than six times the medical impairment, and the trial court finds the vocational expert's testimony to have been necessary to such findings.

We believe an equitable construction of 50–6–226(c)(1) requires such conclusion. The Tennessee Workers' Compensation Act expressly requires that it be given equitable construction, Tenn.Code Ann. section 50–6–116 (1991 Repl.), and it must be interpreted in a manner designed to protect workers and their families from the economic devastation that can follow on-the-job injuries. *See Betts v. Tom Wade Gin,* 810 S.W.2d 140 (Tenn. 1991). On remand, the trial court's award of discretionary costs will be adjudged accordingly.

■ Disability benefits recoverable under the Tennessee Workers' Compensation Law are payable semi-monthly beginning within fifteen days after the employer has knowledge of any disability. Tenn.Code Ann. section 50–6–205(b)(2) (1991 Repl); *see also Woodall v. Hamlett,* 872 S.W.2d 677 (Tenn. 1994). Upon application by a party and approval by a proper court, benefits which are payable periodically may be commuted to one or more lump sum payment(s), if the court finds such commutation to be in the best interest of the injured employee and that the injured employee has the ability to wisely manage and control the commuted award. Tenn.Code Ann. section 50–6–229(a) (1991 Repl). Such applications will not be granted as a matter of course, but only after a careful inquiry into the facts and circumstances. *See Lindsey v. Strohs Cos., Inc.,* 830 S.W.2d 899 (Tenn.1992).

In this case the claimant seeks a lump sum so he can pay off past due debts and make investments. Certainly it is reasonable to conclude that payment of debts and investment of money are in his best interest; but the trial judge was not persuaded that the claimant is capable of wisely managing and controlling a lump sum of money. Neither are we. Of course, unpaid disability benefits which have accrued should be paid in a lump sum; and the attorney's fee may be paid in a

lump sum. *See Modine Mfg. Co. v. Patterson,* 876 S.W.2d 293 (Tenn.1993).

The cause is remanded to the Circuit Court for Cheatham County for further consideration and an award consistent herewith. Costs on appeal are taxed to the defendant-appellant.

FRANK F. DROWOTA, III, Associate Justice, and JOHN K. BYERS, Judge, concur.