**William Keith EDDLEMON, Plaintiff/Appellant,**

v.

**TECUMSEH PRODUCTS COMPANY, Defendant/Appellee.**

.

Supreme Court of Tennessee, Special Workers' Compensation Appeals Panel.

Oct. 29, 1999.

Mitchell G. Tollison, Hawks & Tollison, Humboldt, TN, for Appellant.

Gregory D. Jordan, and Jeffery G. Foster, Rainey, Kizer, Butler, Reviere & Bell, P.L.C., Jackson, TN, for Appellee.

## JUDGMENT

PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Court recommends that the opinion of the Special Workers' Compensation Appeals Panel be published.

Costs will be paid by the appellee, Tecumseh Products Company, for which execution may issue if necessary.

It is so ordered.

Members of Panel: Justice HOLDER, Senior Judges BYERS, and TATUM.

## OPINION

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The plaintiff received a workers' compensation lump sum award and, upon his motion, the trial court awarded post-judgment interest for a period of 32 days. He appeals and argues that he is entitled to post-judgment interest for 99 days, from the date the lump sum award was approved by the trial court until the date he received payment.

The defendant contends the plaintiff is not entitled to payment on the award until 31 days after the entry of the judgment— the time period during which a Notice of Appeal could have been filed—and there-

fore only 32 days of post-judgment interest is due.

We find that Tenn.Code Ann. § 50–6–225 entitles the plaintiff to an additional 30 days of post-judgment interest and modify the judgment of the trial court accordingly.[1]

■ On June 1, 1998, the plaintiff's workers' compensation claim was heard in the Chancery Court for Gibson County and the trial court made an award of permanent partial disability, which was to be paid in a lump sum. On July 7, 1998, the trial court's judgment was entered. On September 8, 1998, the plaintiff received payment of the judgment from the defendant.

■ In *Woodall v. Hamlett,* 872 S.W.2d 677 (Tenn.1994), the Supreme Court held that judgments involving the Workers' Compensation Act are controlled by Tenn.Code Ann. § 50–6–101 et seq, and that all benefits are controlled by the Act, including the payment of interest on judgments. The Supreme Court held that the general interest on judgment acts were not applicable and that Tenn.Code Ann. § 50–6–225(h)(1) applies.

Tenn.Code Ann. § 50–6–225(h)(1) provides:

If the judgment or decree of a court is appealed pursuant to subsection (e), interest on the judgment or decree shall be computed *from the date that the judgment or decree is entered* at an annual rate of interest five (5) percentage points above the average prime loan rate for the most recent week for which such an average rate has been published by the board of governors of the federal

reserve system on the total judgment awarded by the supreme court. (emphasis added).[2]

Although the above statute speaks of granting interest on a judgment that is appealed from, the Supreme Court in *Woodall* did not hold this made the statute inapplicable to a judgment from which there is no appeal—the situation in this case.

Further, in *Woodall* the Supreme Court was deciding the application of Tenn.Code Ann. § 50–6–205(b)(2), which requires an employer to begin payment within 15 days after the employer has knowledge of the right of a worker to benefits. This is not an issue in the case before us.

Although some reasonable arguments can be made that Tenn.Code Ann. §§ 47–14–121, 122 are applicable, it appears the holding in *Woodall* fixes Tenn.Code Ann. § 50–6–225(h)(1) as the appropriate statute to apply for the purpose of computing interest on a judgment in workers' compensation cases.

The trial court held the defendant did not owe interest from the date of the entry of the judgment until after 30 days had expired, a period during which the defendant could decide whether to appeal the case. We find this to be error. The statute requires the interest to be paid from the date of entry of the judgment until all accrued amounts are paid.

Applying this statute, we find that the plaintiff is entitled to post-judgment interest for the period of July 7, 1998 to September 8, 1998. Accordingly, we modify the judgment of the trial court and remand this case to the trial court for entry of an

---

1. The Supreme Court in *Woodall v. Hamlett,* 872 S.W.2d 677 (Tenn.1996), held the statute was applicable on this issue.

2. The workers' compensation post-judgment interest statute prescribes a formula for computing post-judgment interest which is different from that required in general civil cases by Tenn.Code Ann. §§ 47–14–121, 122.

order awarding an additional thirty days' post-judgment interest.

Costs of this appeal are taxed to the defendant.

JANICE HOLDER, J., and F. LLOYD TATUM, S.J., concur.