RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000244-MR

SANDRA J. TURNER                                          APPELLANT

                    APPEAL FROM WEBSTER CIRCUIT COURT
v.                  HONORABLE C. RENÉ WILLIAMS, JUDGE
                    ACTION NO. 18-CR-00020

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND KRAMER, JUDGES.

ACREE, JUDGE:  Sandra Turner appeals the Webster Circuit Court's December 17, 2018 order denying her motion to suppress.  She believes the circuit court erred in denying her motion because the Fish and Wildlife officer exceeded his authority under Kentucky Revised Statutes (KRS) 150.090.  Finding no error, we affirm.

# BACKGROUND

On February 16, 2018, Officer Todd Jones[1] of the Kentucky Department of Fish and Wildlife saw Mrs. Bonnie Trent at the Huck's Convenience Store in Providence, Kentucky. Officer Jones knew Mrs. Trent to be an avid drug user. Upon Mrs. Trent leaving the store, Officer Jones went in and asked the cashier what Mrs. Trent bought. The cashier told him that she just used the ATM. Officer Jones followed Mrs. Trent to Turner's residence.

After Mrs. Trent left Turner's residence, Officer Jones contacted Sheriff Frankie Springfield, who ultimately pulled over Mrs. Trent's vehicle for expired tags. In the car with Mrs. Trent was her husband, Mr. Donald Trent. Sheriff Springfield talked to Mrs. Trent, while Officer Jones talked with Mr. Trent. Mr. Trent said they went to Turner's house to purchase and use methamphetamine. Mrs. Trent consented to a search of her purse, where Officer Jones found the purchased methamphetamine.

Officer Jones and Sheriff Springfield went to Turner's home. However, no one was home. At this point, Officer Jones left to get a warrant while Sheriff Springfield stayed at Turner's home. While Officer Jones was at the courthouse, Sheriff Springfield called him and told him Turner was home and

---

[1] Officer Jones is retired from the Kentucky State Police. He began working for the Kentucky Department of Fish and Wildlife in 2011.

consented to a search. When Officer Jones arrived back at Turner's house, she was filling out a consent to search form. After searching Turner's home, Officer Jones found pills, methamphetamine, a glass methamphetamine pipe, and marijuana in Turner's purse.

After the discovery of drugs, Turner asked for her attorney. Officer Jones interpreted that to mean a withdrawal of consent and went to get a search warrant. The culmination of these events led the Webster County grand jury to indict Turner on charges of first-degree trafficking in a controlled substance, possession of drug paraphernalia, controlled substance not in its proper prescription container, and possession of marijuana.

Turner filed a motion to suppress arguing the search of her home was unlawful. The circuit court held a suppression hearing on September 12, 2018. At this hearing, Turner argued Officer Jones exceeded the scope of his authority as a Kentucky Department of Fish and Wildlife officer under KRS 150.090. Officer Jones testified he had authority because the Commissioner of the Kentucky State Police gave him authority in a letter dated April 7, 2016. In that letter, the Commissioner requested "all officers of the Kentucky Department of Fish and Wildlife Resources, who maintain Peace Officer's Professional Standard certification, assist KSP in the enforcement of all criminal laws in the Commonwealth of Kentucky."

Ultimately, the circuit court denied Turner's motion to dismiss and motion to suppress. The circuit court found:

> Even though Officer T. Jones did begin his observations on the Trents at the convenience store in Providence, he took no action until the WCSO[2] was involved and had stopped the Trents for the expired tags. Based on the information obtained at that time, he then "assisted" the WCSO with the continued investigation of the Defendant's involvement in the situation.

(Trial Record (TR) at p. 101.) Because of the circuit court's ruling, Turner entered a conditional guilty plea reserving her right to appeal the suppression issue. This appeal followed.

## STANDARD OF REVIEW

Kentucky Rules of Criminal Procedure (RCr) 8.27 sets out the procedure for conducting a suppression hearing. When the trial court conducts a hearing, our standard of review is two-fold. *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998). First, the factual findings of the trial court are conclusive if they are supported by substantial evidence. *Id.* Second, based on those findings of fact, "we must then conduct a *de novo* review of the trial court's application of the law to those facts to determine whether its decision is correct as a matter of

---

[2] Webster County Sheriff's Office.

law." *Payton v. Commonwealth*, 327 S.W.3d 468, 471-72 (Ky. 2010) (citation omitted).

## ANALYSIS

Turner argues the circuit court erred by denying her motion to suppress because Officer Jones exceeded his authority under KRS 150.090.[3] We disagree. At the time of Turner's arrest, the statute read as follows:

> Conservation officers appointed by the commissioner shall have full powers as peace officers for the enforcement of all of the laws of the Commonwealth, except that they shall not enforce laws other than this chapter and the administrative regulations issued thereunder or to serve process *unless* so directed by the commissioner in life threatening situations *or* when *assistance is requested by another law enforcement agency.*

KRS 150.090(1) (emphases added). This statute carves out two exceptions giving the Kentucky Department of Fish and Wildlife the ability to act outside its normal scope of authority. The first exception is in life-threatening situations, such as in *Mercer v. Commonwealth*, 880 S.W.2d 899, 900 (Ky. App. 1994). In *Mercer*, Fish

---

[3] KRS 150.090 was recently amended, effective June 27, 2019. The new version of this statute abolishes the exceptions and gives conservation officers full power as peace officers to enforce all the laws of the Commonwealth. The statute now reads, "Conservation officers appointed by the commissioner shall have full powers as peace officers for the enforcement of all of the laws of the Commonwealth, including the administrative regulations promulgated pursuant to KRS Chapters 150 and 235 and to serve process." *See* KRS 150.090(2). However, given this statute was amended subsequent to Turner's charges, we review this case using the language in effect at the time of the circuit court's ruling.

and Wildlife officers arrested Mercer for a DUI. This Court found that even though a DUI is outside of the Fish and Wildlife Department's authority, the arrest was lawful because it was a life-threatening situation.

The second exception is when assistance is requested by another law enforcement agency. In this case, the Kentucky State Police Commissioner issued a letter on April 7, 2016, requesting assistance from the Department of Fish and Wildlife in the enforcement of all criminal laws in the Commonwealth. Officer Jones stated he relied on this letter for authority in assisting in the investigation.

However, Turner argues Officer Jones did not "assist" in the investigation, but actually "led" the investigation. Turner tries to distinguish between "leading" an investigation and "assisting" in an investigation. However, this distinction does not need to be made. Sheriff Springfield was the one who made the traffic stop and questioned the driver. Officer Jones assisted by questioning the passenger.

Regardless whether Officer Jones initiated the actions taken by police, actively participated, and sought the search warrant, he was permitted to do so under the authority of the Commissioner. The Commissioner sought help in enforcing all the Commonwealth's criminal laws. It does not state Fish and Wildlife officers needed to merely "assist" police officers. Officer Jones believed criminal activity was afoot, contacted the Sheriff, and worked on the case

-6-

alongside the WCSO, assisting in the enforcement of the Commonwealth's criminal laws just as requested and, thereby, authorized. Officer Jones did not take any action until the WCSO was involved. Everything he did was alongside the WCSO.

Lastly, Turner argues the enforcement of the criminal laws was limited in the Commissioner's letter. The letter went on to say that the authority was given to the Fish and Wildlife Department because they are in a "unique position to assist KSP. In the execution of their duties Fish and Wildlife Officers patrol the forests, rivers, fields and lakes of our Commonwealth. Through their activity they will inevitably witness incidents of criminal offenses that might not be revealed." However, this is not a limitation to only enforcing the laws in the forests, rivers, fields, and lakes. This language is more akin to a justification for extending this authority to the Fish and Wildlife Department. There is no basis here for reversing the denial of Turner's suppression motion.

## CONCLUSION

For the foregoing reasons, we affirm the Webster Circuit Court's December 17, 2018 order denying Turner's motion to suppress.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky